UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EBONY HUGHLEY, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET GROUP INC.,<br><br>Defendant. | ECF CASE<br><br>No.:_____<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1.     Plaintiff Ebony Hughley worked for Defendant Whole Foods Market Group Inc. as a team member in the produce department at its 226 E. 57th Street, New York, New York store.

2.     On her behalf and other similarly situated current and former employees of Whole Foods, Plaintiff Hughley asserts an untimely payment of wages claim under N.Y. Lab. Law § 191(1)(a).

JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d)(2) and under the Class Action Fairness Act, 28 U.S.C. §§ 1771 *et seq.*, as Whole Foods' total liability exceeds $5,000,000, exclusive of interests and costs, more than 100 putative class members exist and diversity jurisdiction exists between Hughley and Whole Foods.

4.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this District.

5.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

6.      Plaintiff Hughley was, at all relevant times, an adult individual, residing in Flushing, New York.

7.      Whole Foods is a corporation, organized and existing under the laws of the State of Delaware, which is licensed to do business in the State of New York and has its corporate headquarters at 550 Bowie Street, Austin, Texas 78703.

8.      As its principle place of business is in Austin, Texas, Whole Foods is a resident of the State of Texas.

9.      Whole Foods, either directly or indirectly, has hired and fired Plaintiff Hughley and other employees, supervised and controlled their work schedule and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

STATEMENT OF FACTS

Background[1]

10.      Whole Foods describes itself as an American multinational supermarket chain headquartered in Austin, Texas, which exclusively sells products free from hydrogenated fats and ratification colors, flavors and preservatives.

11.      Whole Foods owns and operates numerous supermarkets in New York, including locations at 250 7th Avenue, New York, New York, 4 Union Square, New York, New York, 1095 6th Avenue, New York, New York, 95 East Houston Street, New

---

[1] Headers are for organizational purposes only.

York, New York, 226 East 57th Street, New York, New York, 10 Columbus Circle, New York, New York, 270 Greenwich Street, New York, New York 10007 and 1551 3rd Avenue, New York, New York.

12.     From July 2016 to May 2020, Whole Foods employed Plaintiff Hughley as a team member in the produce department at the 226 East 57th Street, New York, New York location.

13.     Plaintiff Hughley's duties, as a team member, included unloading produce from boxes and crates and placing the produce throughout the store.

14.     Plaintiff Hughley spent more than 25% of her time performing physical labor.

Compensation Policies

15.     Whole Foods paid Plaintiff Hughley an hourly rate.

16.     Whole Foods paid Plaintiff Hughley $17.68 per hour when she separated her employment.

17.     Whole Foods paid Plaintiff Hughley every 14 days, not every week.

Widespread Violations

18.     From speaking with other Whole Foods' team members and from reviewing Whole Foods' policies and employee handbook, Plaintiff Hughley knows that, upon information and belief, Whole Foods applies the same policies and practices to all of its New York employees.

19.     It is Whole Foods' uniform policy to pay the team members every 14 days, not every week.

20.     In paying them every 14 days, Whole Foods did not pay team members for the first week they worked within the pay period within seven days.

21.     From speaking with them and observing them, Plaintiff Hughley knows that team members spend more than 25% of their time doing physical work.

22.     Plaintiff Hughley works with, on average, 30 plus team members at any one time.

23.     Plaintiff Hughley knows, from speaking with others, that other Whole Foods locations have approximately the same number of team members working at the same time.

24.     A heavy turnover rate exists with the team members: many voluntarily terminate their employment with Whole Foods or Whole Foods terminates their employment.

25.     With more than eight Whole Foods locations in New York County and Bronx County, 30-plus team members working at any one time at each location and a heavy turnover rate, Whole Foods employs more than 100 team members at any one time in New York County and Bronx County.

<u>CLASS ALLEGATIONS</u>

26.     Plaintiff Hughley asserts these allegations on her own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

27.     Plaintiff Hughley brings her Labor Law claim on behalf of all persons whom Whole Foods is employing and has employed as "team members," or in similar positions, in New York County and Bronx County between June 5, 2014 and the entry of judgment in this case (the "Class Members").

28.     The Class Members identified above are so numerous that joinder of all of them is impracticable.  Although the precise number of such persons is unknown and the facts upon which calculating that number are within Whole Foods' sole control, upon information and belief, approximately 500-plus Class Members exist.

29.     Plaintiff Hughley's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

30.     Whole Foods has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

31.     Plaintiff Hughley is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

32.     Plaintiff Hughley has the same interest in this matter as all other Class Members and her claims are typical of theirs.

33.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

        a.     whether Whole Foods employed Plaintiff Hughley and the Class Members within the meaning of the Labor Law;

        b.     whether the Class Members are manual laborers and non-exempt employee within the meaning of the Labor Law;

   c. whether Whole Foods violated the Labor Law by paying the Class Members every 14 days;

   d. whether Whole Foods is liable for all claimed damages, including liquidated damages and attorneys' fees and expenses; and

   e. whether Whole Foods should be enjoined from such violations of the Labor Law in the future.

<u>FIRST CAUSE OF ACTION</u>
NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(Brought on Behalf of Plaintiff Hughley and the Class Members)

34. Plaintiff Hughley repeats every allegation of the preceding paragraphs as if fully set forth herein.

35. Whole Foods is an employer within the meaning of N.Y. Lab. Law §§ 190, 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff Hughley and the Class Members.

36. Plaintiff Hughley and the Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

37. As manual workers, Whole Foods was required to pay Plaintiff Hughley and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

38. Whole Foods paid Plaintiff Hughley and the Class Members every 14 days and thereby did not pay them within seven days "after the end of the week in which the wages are earned," violating N.Y. Lab. Law § 191(1)(a)(i).

39. Whole Foods did not timely pay the Class Members for the first seven days they worked within the 14-day pay period.

40.     For violating N.Y. Lab. Law § 191(1)(a)(i), Whole Foods is liable to Plaintiff Hughley and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a); *Vega v. CM Assoc. Constr. Mgt., LLC*, 175 A.D. 3d 1144 (1st Dep't 2019).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Hughley, on her behalf and the Class Members, respectfully requests this Court grant the following relief:

a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Hughley and her counsel to represent the Class Members;

b.      A declaratory judgment that the practices complained of herein are unlawful under the Labor Law;

c.      An injunction against Whole Foods and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.      An award of liquidated damages under the Labor Law;

e.      An award of prejudgment and post-judgment interest;

f.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Hughley demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
        June 5, 2020

                     LIPSKY LOWE LLP

                     s/ Douglas B. Lipsky
                     Douglas B. Lipsky
                     Sara Isaacson
                     420 Lexington Avenue, Suite 1830
                     New York, New York 10017-6705
                     212.392.4772
                     212.444.1030
                     doug@lipskylowe.com
                     sara@lipskylowe.com
                     *Attorneys for Plaintiff Hughley*